**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR CHRISTIAN ANGEL ANDRES,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | NO. EDCV 26-3082-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

On June 4, 2026, Victor Christian Angel Andres ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: Fereti Semaia, the Warden of the United States Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California; David Marin, Los Angeles Field Office Director, ICE Enforcement and Removal Operations; Todd Lyons, Acting ICE Director; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); and United States Attorney General Todd Blanche (collectively "Respondents").

(Docket ("Dkt.") No. 1). The Petition raises multiple claims including that ICE's revocation of Petitioner's Order of Supervision ("OSUP") deprived him of due process of law and Petitioner is entitled to a meaningful opportunity to challenge Respondents' attempts to remove him to a third country such as Mexico. (Petition, ¶¶ 43-63). Petitioner seeks, *inter alia*, his immediate release from custody. (Petition at 19).

On June 9, 2026, Respondents filed a Notice of Intended Removal, stating Petitioner was scheduled for removal from the United States on June 13, 2026. (Dkt. No. 7). On June 11, 2026, Respondents filed an Answer to the Petition. (Dkt. No. 9).

On July 10, 2026, Respondents provided a Status Update for Petitioner, stating Petitioner was scheduled for removal to Mexico on July 15, 2026. (Dkt. No. 15).

On August 6, 2026, Petitioner filed an Emergency Supplemental Brief and Motion for Immediate Release ("Motion"), stating he had not been removed and instead had been returned to the Adelanto ICE Processing Center. (Dkt. No. 16). The Motion requests Petitioner's immediate release on conditions no more restrictive than those contained in his prior OSUP as well as an Order: enjoining Respondents from removing Petitioner to El Salvador; an Order enjoining Respondents from removing Petitioner to any country that is requested, expected, or likely to return him to El Salvador without a meaningful opportunity to present a fear-based claim; and an order requiring Respondents to provide Petitioner with sufficient notice before attempting to remove him to a

third country so that Petitioner has an opportunity to raise appropriate challenges to the removal. (Motion at 13).

On August 17, 2026, Respondents filed a Statement of No Opposition to the Motion, and Petitioner filed a Request for Prompt Ruling Granting Petitioner's Unopposed Motion for Release. (Dkt. Nos. 18-19).

The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (See Dkt. Nos. 3, 6).

## II.

## BACKGROUND

Petitioner is a native and citizen of El Salvador who entered the United States on October 15, 2023. (Petition, ¶¶ 1, 12, 17). Petitioner was placed in removal proceedings. (Petition, ¶ 17). On December 26, 2023, DHS served Petitioner with a Notice to Appear, charging him with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled, and under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who is not in possession of a valid unexpired visa and passport, or other required entry or travel documentation, at the time of application for admission. (Petition, ¶ 18). Petitioner admitted all factual allegations and the Immigration Court sustained both charges and designated El Salvador as the country for removal. (Id.).

Petitioner then applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). (Petition, ¶ 19). On October 4, 2024, an Immigration Judge denied Petitioner asylum and withholding of removal, but granted his application for withholding of removal to El Salvador under the CAT, finding Petitioner had "demonstrated that he is more likely than not to be tortured if removed to El Salvador and that there is sufficient state action in that torture." (Petition, ¶¶ 20-26; Answer, Exh. A).

On November 7, 2024, ICE issued an OSUP for Petitioner, who was released from custody on November 8, 2024. (Petition, ¶¶ 28-29). Petitioner never missed a scheduled check-in or violated any OSUP condition. (Petition, ¶¶ 30-31). Nevertheless, on May 12, 2026, Petitioner was re-detained without notice or a hearing. (Petition, ¶¶ 32-37).

Several days later, Petitioner was informed ICE intended to remove him to Mexico. (Petition, ¶ 39). Petitioner informed ICE he was afraid to be sent to Mexico and feared Mexico would return him to El Salvador, where he would be tortured. (Id.). Petitioner remains detained at the Adelanto ICE Processing Center. (Petition, ¶¶ 1, 38; Motion at 3).

**III.**

**DISCUSSION**

Petitioner asserts, *inter alia*, that he is entitled to immediate release on conditions no more restrictive than those contained in his

prior OSUP and that Respondents should be enjoined from removing him to El Salvador or to a third country without providing Petitioner a meaningful opportunity to raise a fear-based challenge to removal.[1] (Motion at 13). Respondents, as noted, have not opposed the Motion. (Dkt. No. 18). Respondents' non-opposition is effectively a concession that the relief requested in the Motion should be granted. See, e.g., Maltez Reyes v. Janecka, 2026 WL 2291234, *2 (C.D. Cal. 2026) ("As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought."); Li v. Warden of Adelanto ICE Processing Ctr., 2026 WL 1999293, *2 (C.D. Cal. 2026) ("Respondents' choice to not oppose Petitioner's due process claims in their Answer is in effect a concession that the Petition should be granted."); Lopez-Rivas v. Santacruz, 2026 WL 1288651, *8 (C.D. Cal. 2026) ("Respondents 'are not presenting an opposition' to Petitioner's request for an injunction prohibiting Petitioner's transfer to a third country absent notice and an opportunity to be heard on the matter. In effect, Respondents lack of opposition[] is a concession that the injunction should be granted." (citation omitted)); Guadran v. Mullin, 2026 WL 1182198, *1 (C.D. Cal.

---

[1] The IJ's determination that Petitioner is entitled to withholding of removal to El Salvador under the CAT prevents Petitioner's removal to El Salvador. See, e.g., Johnson v. Guzman Chavez, 594 U.S. 523, 531 (2021) ("If an alien is granted withholding-only relief, DHS may not remove the alien to the country designated in the removal order unless the order of withholding is terminated."); Kumar v. Wamsley, 817 F. Supp. 3d 1059, 1065 (W.D. Wash. 2025) (The CAT "prevents removal to a country where the IJ determines the individual is likely to be tortured."). Therefore, the Court addresses only Petitioner's claims that he was denied due process of law when re-detained and that Respondents should be enjoined from removing him to a third country without providing him a meaningful opportunity to raise a fear-based challenge to such removal.

2026) ("Respondents' non-opposition itself is a basis to grant the Petition."); Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) ("By failing to respond to the claims . . . asserted, Respondents have conceded the claims.").

Moreover, the Court has previously found that individuals similarly situated to Petitioner are entitled to relief. See, e.g., Castaño v. Blanche, 2026 WL 1915720 (C.D. Cal. 2026) (ordering immediate release of noncitizen who had been re-detained without due process of law); Hutauruk v. United States Dep't of Homeland Sec., 2026 U.S. Dist. LEXIS 115948 (C.D. Cal. 2026) (ordering immediate release of noncitizen re-detained without due process and requiring noncitizen be given a meaningful opportunity to raise a fear-based claim prior to removal to any third country). Given Respondents' lack of opposition to Petitioner's Motion and for the reasons set forth in Castaño, Hutauruk, and the relevant cases cited in those two opinions, the Petition and Motion are granted.

## IV.
## ORDER

Accordingly, it is hereby ORDERED that the Petition (Dkt. No. 1) and Motion (Dkt. No. 16) are **GRANTED**. Respondents shall immediately release Petitioner (A# 249-147-294) from immigration custody subject to the conditions of Petitioner's most recent order of supervision and without the imposition of any new or further restraints, such as reporting requirements, GPS, or electronic monitoring. Respondents are also enjoined from re-detaining Petitioner absent strict compliance

with the requirements of due process and all applicable statutes and regulations.

With respect to any third country removal, Respondents must provide written notice of removal to both Petitioner and his counsel in a language Petitioner can understand. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for protection prior to removal. If Petitioner demonstrates a reasonable fear of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings. If Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity and a minimum of fifteen days for Petitioner to seek reopening of his immigration proceedings.

Additionally, the Court ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on August 21, 2026, confirming Petitioner has been released from custody. IT IS SO ORDERED.

DATED: August 18, 2026

/s/

ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE